IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARGETT FUNERAL SERVICE, INC., | ) | Case No. 08-11438 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on July 6, 2009, upon the Interim Application for Compensation of Robert S. Chiles, Sr. (the "Application"), filed on June 23, 2009. At the hearing, Dirk W. Siegmund appeared on behalf of the Debtor and Robyn C. Whitman appeared on behalf of the United States Bankruptcy Administrator.

The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on September 10, 2008. On November 14, 2008, this Court approved the employment of Robert S. Chiles, Sr. as Chief Restructuring Officer of the Debtor. Prior to the filing of the Application, the Debtor paid Mr. Chiles $22,400 without Court approval. The Debtor now seeks the authority to pay $62,550 to Mr. Chiles for 417 hours of service at $150 per hour, which services were performed between December 1, 2008 and May 31, 2009.

Pursuant to Section 331 of the Bankruptcy Code, payments to professionals may be made only after court approval. 11 U.S.C. § 331; see In re Drexel Burnham Lambert Group, Inc., 112 B.R. 584, 586-87 (Bankr. S.D.N.Y. 1990). This procedure allows parties in interest to be heard and allows the Court to determine the reasonableness of the fees requested. As Chief Restructuring Officer, Mr. Chiles has the responsibility to know how professional fees are paid. Some cases would support disgorgement and denial of fees paid to Mr. Chiles without court

authorization.  See In re Tri-State Plant Food Inc., 273 B.R. 250, 266-67 (Bankr. M.D. Ala. 2002) (disgorging fees in excess of $200,000 received by eight professional associations without application or court approval); In re Pannebaker Custom Cabinet Corp., 198 B.R. 453, 465-66 (Bankr. M.D. Pa. 1996) (disgorging $5,000 in unauthorized post-petition disbursements received by counsel and accountant of debtor-in-possession); In re TJN, Inc., 194 B.R. 400, 404 (Bankr. D.S.C. 1996) (reducing counsel's compensation by $3,500 for failure to disclose a $15,000 postpetition payment from the debtor's principal); In re Quality Respiratory Care, Inc., 157 B.R. 180, 181 (Bankr. D. Me. 1993) (denying all compensation to counsel for non-disclosure of retainer fee received sixteen months prior to interim fee application).

However, this Court finds extenuating circumstances surrounding the unauthorized payments to Mr. Chiles.  First, the funds received by Mr. Chiles were paid to him when the Debtor was doing business and paying other administrative claims.  Second, there is no evidence that creditors were prejudiced by the payments.  Third, the reasonableness and necessity of the services provided has not been questioned.  Fourth, the services provided were reasonable and necessary to a successful reorganization of the Debtor.

Nonetheless, Mr. Chiles is responsible, as the Debtor's Chief Restructuring Officer, for knowing the law and procedure that governs the payment of professionals in this bankruptcy.  His unauthorized payment of his own fees causes the Court to take a more cautious approach.  The Court will approve compensation to Mr. Chiles for 417 hours at the rate of $100 per hour, for a total of $41,700.  Reducing this amount by the $22,400 already paid to Mr. Chiles, the Court approves the payment of an additional $19,300 to him.  Mr. Chiles may apply for compensation at the higher rate of $150 per hour in his final fee application.  Until the Court rules on his final application, Mr. Chiles may apply for compensation at the rate of $100 per hour

on a monthly basis. Until the Court approves of any requested fees, the Debtor may not pay any compensation for such fees to Mr. Chiles.

It is therefore ORDERED that the Application is approved in the amount of $41,700, that the Debtor is authorized nunc pro tunc to pay $22,400 to Mr. Chiles, and that the Debtor is authorized to pay an additional $19,300 to Mr. Chiles.

It is further ORDERED that Mr. Chiles may apply for future compensation at the rate of $100 per hour on a monthly basis.

It is further ORDERED that Mr. Chiles may apply for compensation at the higher rate of $150 per hour in his final fee application.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARGETT FUNERAL SERVICE, INC., | ) | Case No. 08-11438 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

PARTIES IN INTEREST

Hargett Funeral Service, Inc.

Dirk W. Siegmund, Esq.

Robyn C. Whitman, Esq.